IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-00405-01-W-BCW |
| | ) | |
| RASHAWN LONG | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

On August 21, 2014, Defendant was found guilty of Possession with Intent to Distribute a Mixture and Substance Containing 5.67 grams of 2-(Methylamino)-1-phenyl-1-butanone, a Class C felony; and Felon in Possession of a Firearm, a Class C felony. Defendant has numerous objections to the Presentence Investigative Report ('PSI') pending before this Court and Defendant objects to the Government filings requesting the Court upward depart from the guidelines.

This case is about the Defendant being convicted for possessing 5.67 grams of an alleged controlled substance and possession of a firearm that was depicted on a video camera (no actual gun presented). Defendant will raise an ongoing objection to all the Government's exhibits and witnesses based on them not bearing an indicia of reliability. To sentence Defendant above the guidelines because of any alleged uncharged conduct or charged conduct that will be properly litigated in state court would be unreasonable.

Pending Defendant's objections, the final "PSI" shows a criminal history category IV (seven criminal history points) and a base offense level of 26 (92-115 months).

Paragraph 40 of the 'PSI' currently gives Defendant four criminal history points and Defendant's position is that it should only give three criminal history points. The charges of Murder in the 2nd Degree and Armed Criminal Action where charged together (same charging document dated March 6, 2001) on the same day (no intervening arrest) for the same offense conduct. Both counts were pled by the Defendant on the same day and the sentences on both counts were concurrent to each other. Defendant was sentenced to 12 years total on these offences. The offense of Armed Criminal Action itself has no element of violence in its statutory construction and therefore should not qualify separately as a crime of violence under 4A1.1 (e) even though current Eight Circuit case law says otherwise.

If Defendant prevails on the objection to paragraph 40, the Defendant's criminal history category would be III (six criminal history points) and the guideline range would be 78-97 months. Defendant will be requesting sentence at the low end of the applicable guideline range (78 months). If the Court rules against Defendant's objection, the Defendant will be facing a guideline sentence of 92-115 months and Defendant will be asking for a downward variance to 78 months.

### A.  The § 3553(a) Sentencing Mandate

The overriding principle and basic mandate of the statute requires district courts to impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation.

### B.  The Guidelines and Other Factors Courts Must Consider in Determining a Punishment that Fulfills the Sentencing Mandate under § 3553(a)(2).

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

The nature and circumstances of the Defendant's arrest in this case, search of the vehicle, and seizure of items from the vehicle are all very unique and will be the subject of future appeals. Those issues will be litigated at another time. In this case we are dealing with allegedly 5.67 grams of a controlled substance. It is important to note the alleged gun that forms the basis for count two, felon in possession of a firearm, is in a video clip from a video camera and no actual gun was ever presented in this case.

The Government is attempting to cross reference Federal Sentencing Guideline Section 2K2.1(c)(1)(b) to enhance defendant's sentence. In order for this cross referenced section to apply the firearm used in a crime resulting in death must be the same firearm as the firearm cited in count two of the crime of conviction. The cross reference section 2K2.1(c)(1)(b) states, "If the Defendant used or possessed *any firearm or ammunition cited in the offense of conviction* in connection with…commission of another offense." This particular cross reference is impossible to prove without the actual gun being tested. Any reference to make, model, or caliber is simply speculation without the actual gun and ballistics testing showing the same gun was utilized in a homicide resulting in death.

(2) the need for the sentence imposed

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. to afford adequate deterrence to criminal conduct;
    c. to protect the public from further crimes of the defendant; and
    d. to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner;

There is no question this is a serious offense and if Defendant is sentenced to 78 months or anywhere within the applicable guideline range he will be more than held accountable for his actions. The Government has alleged that Defendant has admitted to five – six murders in their sentencing memorandum, yet he is only charged with one murder as further outlined below. The Defendant did take full responsibility for a homicide in 2001 when he was 20 years old as further discussed below.

The Government is asking this Court to charge, convict and sentence the Defendant for uncharged homicides. As far as other crimes of violence or homicides, the proper venue for charging those crimes is state court not at a federal sentencing hearing. This Court should have great concern when considering evidence at this hearing when no charges have been filed by state prosecutors reviewing those other alleged homicide cases.

The Government is asking this Court to resentence (upward depart) the Defendant for a homicide he pled guilty to fifteen years ago in Jackson County. The Defendant stood in front of a Jackson County Judge and accepted responsibility for a homicide in 2001 and was sentenced to 12 years in the Missouri Department of Correction for that offense. Defendant will receive either three or four criminal history points related to that plea and sentence. Not only was this case properly litigated in the proper forum, this crime is fully accounted for in the Defendant's criminal history in the 'PSI.' To further enhance his sentence on this case would be unreasonable.

The Government is requesting this Court try, convict and sentence Defendant on a case that is currently charged in Jackson County (1416-CR02897). This charged homicide will be tried, as it should, in front of a jury of Defendant's peers with the proper constitutional

safeguards. The Defendant currently has a $500,000.00 cash only bond on this Jackson County case. That bond assures this Court the Defendant will face these charges without ever leaving custody from whatever sentence the Court hands down in this case. It would be unreasonable for this Court to fashion a sentence in this case for facts and circumstances that will be fully litigated in Jackson County, Missouri.

The Government has chosen to present this Court with extremely limited evidence and selective witnesses knowing a great majority of this evidence is not admissible in state court proceedings. The Government has chosen this method and forum because they know the constitutional safeguards that should apply to these serious offenses are not present in federal sentencing hearings. There are virtually no constitutional safeguards in place at a federal sentencing hearing. If the overall evidence of any of these uncharged crimes had a "sufficient indicia of reliability" the Defendant would be charged in state court with those crimes.

   (3) the kinds of sentences available:

The Defendant's position on the kind of sentences available differs from those proposed by the Government. The Government is requesting 30 years on count one, 10 years consecutive on count two for a total of up to 40 years.

Defendant's position is that if the Court is to upward depart in this case based on any cross reference to the firearm (in a video) or relevant conduct related to firearms, the Defendant should only be subject to the 10 year maximum sentence under count two, felon in possession of a firearm. To sentence the Defendant up to 30 years on count one, a class C felony, for 5.67 grams of alleged 2-(Methylamino)-1-phenyl-1-butanone would be unreasonable. To run any statutory sentences consecutive would be even more unreasonable.

   (4) the advisory guideline range:

The final 'PSI' has Defendant's guideline range at 92-115 months with Defendant's objection to paragraph 40 of the 'PSI' pending. If Defendant's objection is sustained the advisory guideline will lower to 78-97 months because his criminal history category would be level III.

        (5)      any pertinent policy statements issued by the Sentencing Commission;
        (6)      the need to avoid unwarranted sentence disparities:

The Court should sentence Defendant within the applicable guideline range. If anything the unique nature and circumstances of this case warrants a sentence at the low end of the guidelines.

        (7)      the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2007).

Defendant respectfully requests a sentence of 78 months. Again, this case is about 5.67 grams of controlled substance and possession of a firearm that was depicted on a video camera. Any sentence within the guideline range will send the appropriate message and provide adequate deterrence to future criminal conduct. Defendant will be properly tried by a jury of his peers in Jackson County on the <u>only</u> homicide case state prosecutors have chosen to file.

        Respectfully submitted,

By */s Patrick J. O'Connor*_____
Patrick J. O'Connor
Mo. Bar #52544
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 Telephone
(816) 531-2372 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically delivered on this 9th day of February, 2016 addressed to: Assistant United States Attorney's Joseph Marquez and Jeffrey McCarther, U.S. Attorney's Office, Charles Evans Whittaker Courthouse, 400 East Ninth Street, Kansas City, MO 64106.

/s/ *Patrick J. O'Connor*